THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Joshua Nathan
 Byrd, Appellant.
 
 
 

Appeal From Cherokee County
 Roger L. Couch, Special Circuit Court
 Judge
Unpublished Opinion No.  2010-UP-415
Submitted September 1, 2010  Filed
 September 20, 2010
AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Appellant. 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and
 Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Joshua
 Nathan Byrd appeals his conviction and sentence for assault and battery with
 intent to kill, arguing the trial court erred in permitting hearsay evidence at
 trial.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 801(c),
 SCRE ("'Hearsay' is a statement, other than one made by the declarant
 while testifying at the trial or hearing, offered in evidence to prove the
 truth of the matter asserted."); Rule 802, SCRE (providing hearsay is generally
 inadmissible unless it fits into one of the exceptions enumerated by the South
 Carolina Rules of Evidence); Caprood v. State, 338 S.C. 103, 111, 525
 S.E.2d 514, 518 (2000) ("An out of court statement is not hearsay if it is
 offered for the limited purpose of explaining why a government investigation
 was undertaken."); State v. Mansfield, 343 S.C. 66, 77, 538 S.E.2d
 257, 263 (Ct. App. 2000) (placing admissibility of evidence within the sound
 discretion of the trial court and holding "evidentiary rulings of the
 trial court will not be reversed on appeal absent an abuse of discretion or the
 commission of legal error which results in prejudice to the defendant").  
AFFIRMED.  
WILLIAMS, PIEPER, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.